UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GUAGE DREW WOLF, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:25-cv-00260-MTS |
| TREVOR FOLEY, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

Congress has mandated that the Clerk of this Court—like the clerk of any federal district court—require a filer "instituting any civil action, suit or proceeding . . . to pay a filing fee of $350," along with any "additional fees" that the Judicial Conference of the United States has prescribed. 28 U.S.C. § 1914(a), (b). Congress also has provided district courts with the power to "authorize the commencement" of any suit, action, or proceeding without the prepayment of fees if a filer is "unable to pay such fees or give security therefor" and files an affidavit stating the filer's assets, his or her inability to pay, and the nature of the action. *See id.* § 1915(a)(1).

Plaintiff Guage Drew Wolf filed this action on March 02, 2025. Though his form civil complaint specifically noted that he "must" pay the "filing fee" or file an application to proceed in forma pauperis, Doc. [1] at 1, Plaintiff did neither. For that reason, the Clerk of Court could have refused even to docket his pleading. *See* E.D. Mo. L.R. 2.01(B)(1) ("The Clerk may refuse to receive and file any pleading or document in any case until the applicable statutory fee is paid, except in cases accompanied by a

completed application to proceed in forma pauperis."); *see also Martinez v. Union Pac. R. Co.*, 82 F.3d 223, 227 (8th Cir. 1996) (noting the Court of Appeals "has upheld strict compliance by trial courts with their local rules"). Nevertheless, the Clerk of Court docketed Plaintiff's Complaint, and Court records show that the Clerk sent Plaintiff a standard letter informing him that his case had been docketed that same day. This letter again referred to the requirement to pay the filing fee or seek in forma pauperis status.

In sum, federal statutes require Plaintiff to pay the fee or file a motion to proceed in forma pauperis. The form complaint explicitly alerted Plaintiff to this requirement. And the Clerk of Court subsequently referenced this requirement in a letter to Plaintiff. To this day, though, Plaintiff has neither paid the required filing fee nor moved to proceed in forma pauperis. For this reason, the Court will enter an Order of Dismissal herewith dismissing this action without prejudice. *See Farzana K. v. Ind. Dep't of Educ.*, 473 F.3d 703, 707 (7th Cir. 2007) (explaining a "court is entitled to dismiss the complaint for failure to prosecute" if a litigant's filing fee "is not paid promptly"); *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (recognizing the "authority of the district court to moderate a filing fee requirement without regard to the merits of the claim"); *see also, e.g.*, *JPMorgan Chase Bank, N.A. v. Nevius*, No. 21-2216, 2021 WL 5630345, at *1 (8th Cir. Nov. 12, 2021) (dismissing an appeal "for failure to prosecute (i.e., failure to pay the filing fee)").

Dated this 23rd day of June 2025.

 /s/ Matthew T. Schelp
 MATTHEW T. SCHELP
 UNITED STATES DISTRICT JUDGE